UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHOGAMY LOVETTE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WALMART INC.,<br><br>    Defendant. | Case No. 18-cv-05613-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Docket No. 31 |

Currently pending before the Court is Plaintiffs' motion for leave to file an amended complaint. Having considered the parties' briefs and all other evidence of record, the Court hereby **GRANTS** Plaintiffs' motion.

The Court is not unsympathetic to Defendant's frustrations regarding Plaintiffs and their counsel's dilatory conduct. However, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Furthermore, although Defendant also asserts that Plaintiffs' proposed amendment is made in bad faith, *i.e.*, to circumvent summary judgment, no summary judgment motion has yet been filed; Defendant is essentially asking the Court to prejudge Plaintiffs' wrongful termination/discrimination claims. The cases that Defendant cites are largely distinguishable in that a summary judgment motion was at least pending when the plaintiff moved to amend. *See Schlacter-Jones v. Gen. Tel.*, 936 F.2d 435, 443 (9th Cir. 1991) (stating that, "[i]n the exercise of its discretion, the district court properly considered the delay in the desired amendment, the fact that there was a pending summary judgment, and the futility of most of the proposed claims"); *Trans Video Elecs., LTD v. Sony Elecs., Inc.*, 278 F.R.D. 505, 507 (N.D. Cal. 2011) (noting that plaintiff first informed defendant of

its desire to amend two years after the suit was first filed, "almost a month after briefing on the summary judgment motion had been completed, and only a week and a half before the hearing on the summary judgment motion was to take place").

Accordingly, the Court grants Plaintiffs' motion. The Court, however, advises Plaintiffs that it shall not, absent good cause, extend discovery deadlines in this case based on the new rest break claim; nor shall it change deadlines for summary judgment, the final pretrial conference, and/or trial. Thus, if Plaintiffs need to take discovery from Defendant on the new rest break claim, they must proceed with haste. In addition, the Court does not afford the new rest break claim the benefit of relation back to the date of the original complaint. The new rest break claim is based on conduct different from that underlying the wrongful termination claims. *See* Fed. R. Civ. P. 15(c) (allowing for relation back when, *e.g.*, "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading"). The new rest break claim "relates back" only to the date that Plaintiffs first raised the issue of amendment (*i.e.*, at the status conference on May 30, 2019).

Plaintiffs shall immediately file the amended complaint.

This order disposes of Docket No. 31.

**IT IS SO ORDERED**.

Dated: August 5, 2019

_____
EDWARD M. CHEN
United States District Judge